MICHELE BECKWITH
Acting United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:23-CR-00115-NODJ-BAM |
|---|---|
| Plaintiff, | STIPULATION VACATNG STATUS CONFERENCE AND SETTING CHANGE OF PLEA HEARING; AND ORDER |
| v. | |
| EZEQUIEL GUZMAN, | |
| Defendant. | |

**STIPULATION**

1. By previous order, this matter was set for status conference on May 28, 2025.

2. By this stipulation, defendant now moves to vacate the status conference and set a change of plea hearing on July 14, 2025, and to exclude time between May 28, 2025, and July 14, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes thousands of pages of investigative reports, photographs, several large cell phone extractions, video evidence (including body-worn camera), thousands of pages of social media content, and hundreds of hours of recorded, intercepted communications. All this discovery has been either produced directly to counsel and/or made available for inspection and copying. Supplemental discovery has also been produced on multiple occasions.

        b)      Counsel for defendant desires additional time to prepare for the change of plea hearing and conduct investigation for sentencing.

        c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)      The government does not object to the continuance.

        e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 28, 2025 to July 14, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 23, 2025                                MICHELE BECKWITH  
                                                      Acting United States Attorney

                                                      /s/ ANTONIO J. PATACA  
                                                      ANTONIO J. PATACA  
                                                      Assistant United States Attorney

Dated:  May 23, 2025                                /s/ TONY CAPOZZI  
                                                      TONY CAPOZZI  
                                                      Counsel for Defendant  
                                                      Ezequiel Guzman

## **ORDER**

IT IS SO ORDERED that the status conference set for May 28, 2025, is vacated, as to this defendant only. A change of plea hearing as to Ezequiel Guzman is set for **July 14, 2025, at 10:00 a.m. in Courtroom 5 before District Judge Dale A. Drozd**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), (iv).

IT IS SO ORDERED.

Dated:  **May 27, 2025**               /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE